CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARLON BRAMWELL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv00429 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

Plaintiff Marlon Bramwell, a federal inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Bramwell's petition does not challenge the length or calculation of his sentence, the court construes it as a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In his petition, plaintiff alleges that he was improperly found guilty of disciplinary charges for "possession of a weapon" under Bureau of Prisons offense code 104. For the reasons that follow, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

Plaintiff's pleadings and submissions in support thereof indicate that, on January 5, 2003, plaintiff fought with another inmate at the Federal Corrections Institute in Miami, Florida. In the course of that fight, plaintiff cut and stabbed the other inmate with a sardine can lid. The discipline hearing officer's report regarding the incident, dated March 7, 2003, stated, in pertinent part:

> The Discipline Hearing Officer (DHO) advised inmate Bramwell of his due process rights at the DHO hearing. He was advised of his right to have staff representation and to call witnesses. He elected not to have a staff representative and elected to

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Additionally, 42 U.S.C. § 1997e(a) requires that an inmate civil rights litigant must properly exhaust all available administrative remedies before filing a complaint, and it is clear from the face of plaintiff's complaint that plaintiff has failed to do so. A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005). Nonetheless, the court will dismiss the complaint for failure to state a claim upon which relief may be granted.

exercise is [sic] right to call witnesses. He was advised of his right to present documentary evidence at the DHO hearing. He indicated that he had no such evidence. He understood his due process rights and was prepared to proceed with the DHO hearing.

The DHO finds you committed the prohibited acts of Possessing a weapon, Code 104, and Fighting with another person, Code 201, when you were involved in a physical altercation with inmate Armstrong, Reg. No. 57709-004, within the confines of Biscayne Unit.

The DHO based this decision upon the reporting officer's statement that: "On January 22, 2003, an . . . investigation was completed where it was determined that on January 5, 2003, at approximately 8:40 a.m., inmates Lonnie Armstrong, #57709-004, and Marlon Bramwell, #37553-004, were involved in a physical altercation with each other, wherein inmate Armstrong swung at Bramwell with a closed fist and struck him in the face and upper body area, causing him to sustain minor bruises. In retaliation, inmate Bramwell retrieved a metal can lid and used this lid as a weapon to cut and stab Armstrong on the face, chest and arms, causing him to sustain laceration [sic] which required sutures to close the wounds. This conclusion is based on staff eyewitness accounts, inmate interviews, medical injury assessment reports and self-admittance by both inmates involved in the altercation." You admitted to fighting, but denied using a weapon. You stated, "We were fighting. While I was using the toilet inmate Armstrong got up from his bed, he put on his shoes, and on the way out of the cell, he swung at me and hit me in the face. I got up from the toilet and the fight went from there. **It must have been my fingernails that cut inmate Armstrong**." You claimed you never used anything as a weapon. You stated Armstrong's lacerations must have been my [sic] your fingernails. The DHO advised you of all supporting evidence provided in this case. Based on your testimony during the investigative process, you indicated that you were assaulted by inmate Armstrong and as a result you were involved in the fight. Staff responding to the emergency provided supporting memorandums. According to these memorandums[,] shortly after the altercation, you were locked inside cell B01-004. This allowed you the opportunity to wash your hands, clean and attempt to dispose of the weapon, as well as, [sic] clean the crime scene. While you were locked inside the cell, you were observed standing at the sink cleaning your hands and a metal can lid with a towel. Although you have denied using a weapon during the fight, supporting memorandums [sic] indicate that a metal lid, belonging to a sardine can, was hidden behind the bulletin board. The lid was tapped [sic] to the back of the bulleting [sic] board and still wet, with what appeared to be water. This substantiates the officers [sic] eyewitness account of you washing a metal can lid, which was discovered during a search of cell B01-004. According to the Inmate Injury Assessment and Followup Reports, both of you sustained injuries. You sustained a superficial laceration on your right hand and right thumb. These injuries are consistent with

2

wounds received when an individual grasps a sharp metal object, such as a metal can lid, in a forcible manner which would cause him to sustain lacerations to the right hand and right thumb. You also sustained an abrasion on your left forearm. The . . . investigation concluded inmate Armstrong's injuries, which were sustained during the fight[,] included[] a one inch laceration on his right arm, requiring eight sutures to close; a one inch superficial lacerations [sic] on the left side of his chest; and a superficial laceration on the left side of his abdomen; all of which are consistent with wounds inflicted by a sharp metal object such as a knife or a metal can lid. He also sustained an abrasion on his back, a small abrasion on the left side of his forehead, and an abrasion on his left shoulder.

According to the evidence and your testimony to . . . Lieutenant A. Warren and Lieutenant J. Mendez, you were involved in a fight with inmate Armstrong. A memorandum provided by Correctional Officer D. Bess[] indicates he visually observed you in Cell B01-004, standing at the sink cleaning your hands and a metal can lid with a towel, after the fight. According to a memorandum provided by Lieutenant J. Mendez, Counselor Van Brusselen and himself conducted a search of Cell B01-004, in which a lid belonging to a can of sardines was found, which was hidden behind a bulletin board. The Inmate Injury Assessment and Followup report also substantiates the injuries being consistent with wounds inflicted by a sharp metal object, such as a knife or a metal can lid. The testimony provided by your witness indicated[] he was not present when the fight occurred. He only witnessed inmate Armstrong standing outside the cell door bleeding and yelling at inmate Bramwell to come out and fight.

The DHO gave greater weight of the evidence to the reporting officer's statement. The DHO has also relied upon the information contained in the supporting documentation and . . . investigation. Clearly, both of you sustained injuries consistent with a fight. However, inmate Armstrong's injuries were more consistent with wounds inflicted by a sharp metal object, such as a knife or a metal can lid. Therefore, based on the greater weight of the evidence, the DHO finds that you committed the prohibited act of Fighting with another person and Possession of a weapon. . . .

(Emphasis added.) Plaintiff was sanctioned with 60 days of disciplinary segregation.

The crux of Bramwell's instant complaint "is that he is actual innocence [sic] of possession of a weapon" because Table 3 at 28 C.F.R. § 541.13, defining "prohibited acts and disciplinary severity scale" for offense code 104, does not state that "Sardine Lid" is a weapon. Table 3 defines offense code 104 as the "[p]ossession, manufacture, or introduction of a gun, firearm, weapon,

3

sharpened instrument, knife, dangerous chemical, explosive or any ammunition." In plaintiff's view, "[a] Sardine lid does not come to mind when your [sic] talking about weapons."[2] Plaintiff contends that his disciplinary offense cannot stand in light of the United States Court of Appeals for the Second Circuit's decision in Wallace v. Nash, 311 F.3d 140, 146 (2d Cir. 2002).[3] In Wallace, the Second Circuit found it improper for a federal prisoner to be convicted in a disciplinary proceeding for possession of a weapon under 28 C.F.R. § 541.13, based on the prisoner's striking another inmate with a pool cue. Id. at 146. The Second Circuit held that the possession prohibition could not apply to Wallace, who had used a pool cue in an assault, because the prison regulations did not apply to "an otherwise innocuous object [that was used] to injure another." Id. at 145-46.

The court does not find plaintiff's argument convincing. In the first instance, a metal can lid is not an "otherwise innocuous object." Unlike a pool cue, which has an "otherwise innocuous" recreational use, a metal can lid, once removed from the can, has no legitimate use. A metal can lid is a sharp metal object; even outside the prison context, it is a waste product that immediately poses a potential danger of injury once removed from the can. Plaintiff cannot argue that he possessed, washed, and hid the metal can lid because he had some ordinary or "otherwise innocuous" use for it. Unlike the inmate in Wallace, who "commenced a game of pool, using a pool cue given to him by a prison guard" and struck an inmate who "persisted in interfering with [his] game," id. at 142, plaintiff did not possess the sardine can lid "as it was originally available to prisoners," U.S. v.

---

[2] The court notes that plaintiff has abandoned the argument that he presented before the DHO, claiming that he did not possess or use a lid from a can, and that Armstrong's injuries must have been inflicted by plaintiff's fingernails.

[3] As justification for his failure to properly exhaust all available administrative remedies pursuant to 28 U.S.C. § 1997e(a), plaintiff states that he did not learn of Wallace until November 30, 2006. Plaintiff states that, in December 2006, he appealed the disciplinary action at issue here, but that the appeal was denied as untimely.

4

Kenney, F. Supp. 2d, 2005 WL 1216220 *6-7 (M.D. Pa., May 05, 2005) (denying habeas petition pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel because counsel failed to recognize that possession of a razor in prison is legal, not illegal, in a case where petitioner was convicted, inter alia, of the possession of a razor which he used in an assault on a correctional officer; the Court discounted petitioner's attempt to rely on Wallace, reasoning that, as opposed to the pool cue in Wallace, petitioner had not possessed the razor "as it was originally available to prisoners" and that petitioner's "argument that the hidden blade was innocuous" was "wholly inconsistent" with petitioner's other arguments). Plaintiff's own submissions indicate that, after the assault, he retained the sardine can lid and hid it behind a bulletin board. Undoubtedly, plaintiff washed and hid away the metal can lid because it was a "weapon," the possession of which is prohibited under offense code 104 as defined in 28 C.F.R. § 541.13. The facts are wholly inconsistent with plaintiff's argument that the sardine can lid was possessed innocuously.[4]

---

[4] The court notes that plaintiff does not allege any violations of his rights to due process. Nonetheless, to the extent plaintiff's complaint could be construed to include such a claim, it fails. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court found that inmates subject to disciplinary hearings where they may lose good time credits or be subjected to solitary confinement are entitled to the following due process guarantees: (1) advanced written notice of the claimed violation; (2) disclosure of evidence against the defender; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral detached hearing body; and (5) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 564-71. In addition, there must be "some evidence" to support the disciplinary board's conclusions. Superintendent v. Hill, 472 U.S. 445, 447 (1985).

Plaintiff does not argue that the DHO failed to satisfy the guarantees mandated by Wolff. Moreover, applying the Wolff standard, any such claim must fail. Plaintiff's own submissions indicate that he received adequate due process regarding his disciplinary infraction and that the evidence supports the DHO's finding. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981); see also Chevron v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984) (an agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute).

For the reasons stated, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[5]

The Clerk is directed to send a certified copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 25th day of September, 2007.

/s/ Jack C___
United States District Judge

---

[5] Plaintiff is advised that federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff has had at least two previous cases dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A. See Civil Action No. 7:04-cv-00460 (W.D. Va. July 18, 2005); Case No. 05-7694 (4th Cir. January 26, 2006). Plaintiff is hereby advised that the instant dismissal constitutes his third "strike" under § 1915(g).